UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ESTHER ROTTENBERG, *et al.*,

          Plaintiffs,

    v.                                   **DECISION & ORDER**
                                                          20-CV-708 (WFK) (RLM)
ALLIED INTERSTATE, LLC,

          Defendant.
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

    Plaintiffs Esther Rottenberg, Doris Encarnado, and Sandy Macius commenced this class action alleging Defendant Allied Interstate, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") because the debt letters sent by Defendant purportedly (1) caused confusion as to the addresses to which written disputes of the debt should be sent; (2) failed to identify the amount of debt due; and (3) buried statutorily required language. Compl. ¶¶ 67-68, 89-90, 96-102, ECF No. 1. Plaintiffs claimed they were thus injured because they were "confused" or "uncertain" as to their rights and may, for instance, fail to dispute the validity of their debt. *See id.*

    On January 12, 2022, Plaintiffs notified the Court that they no longer have Article III standing to pursue their claims following the United States Court of Appeals for the Second Circuit's recent decision in *Maddox v. Bank of N.Y. Mellon Tr. Co.*, 2021 U.S. App. LEXIS 34056 (2d Cir. Nov. 17, 2021). In *Maddox*, plaintiffs alleged damages for a bank's violation of a state mortgage-satisfaction recording statute. *Id.* at *1. The Second Circuit held that plaintiffs failed to demonstrate Article III standing because they had failed to allege, beyond the violation of the state statute itself, that Plaintiffs suffered actual concrete harm. In so holding, the Second Circuit explained that a violation of a statute by itself is insufficient to confer standing; plaintiffs

must instead show they suffered a concrete injury "traditionally recognized as providing a basis for a lawsuit in American courts," such as "physical and monetary harms" in addition to certain "intangible harms" such as "reputational harm." *Id.* at *11.

In applying *Maddox*, the Court agrees with Plaintiffs that the Court no longer has jurisdiction over Plaintiffs' case. Here, as in *Maddox*, Plaintiffs have failed to allege any particularized or concrete injury resulting from Defendant's violation of the FDCPA. Although Plaintiffs allege they were "confused" or "uncertain" as to their rights regarding their debt under the FDCPA, mere confusion in and of itself does not rise to the level of injury for purposes of Article III standing. *See Cavazzini v. MRS Assocs.*, 2021 U.S. Dist. LEXIS 233083 (E.D.N.Y. Dec. 6, 2021) (Ross, J.) ("[C]ourts have found alleged confusion to be insufficient for standing in the FDCPA context.") (citing cases). Nor have Plaintiffs asserted a sufficient likelihood of future harm to establish such injury.

Because Plaintiffs have not assert an injury in fact sufficient to pass the muster of Article III standing, this Court dismisses this case *sua sponte* for lack of subject matter jurisdiction. *Juliano v. Citygroup, N.A.*, 626 F. Supp. 2d 317, 318 (E.D.N.Y. 2009) (Mauskopf, J.) ("[A] district court has an unflagging duty to [dismiss] *sua sponte* where jurisdiction appears to be lacking.").

## CONCLUSION

Plaintiffs' Complaint is hereby DISMISSED without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

s/ WFK
_____
WILLIAM F. KUNTZ, II
United States District Judge

Dated: February 7, 2022
Brooklyn, New York